FILED
DEC - 2 2008

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Case No. 01-321-KI |
| ) | Civil Case No. 08-70023-KI |
| vs. ) | |
| ) | OPINION AND ORDER |
| LAURENT E. BARNABE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Kent S. Robinson
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

    Attorneys for Plaintiff

Laurent E. Barnabe #38693-048
P. O. Box 3001-0001
California City, California 93504

    Pro Se Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Defendant Laurent E. Barnabe pleaded guilty to an Information alleging two counts of money laundering, in violation of 18 U.S.C. § 1957, and was sentenced to 72 months imprisonment. Before the court is Barnabe's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#800).

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). Judges may supplement the record with their own recollections of the plea and sentencing hearings and may use common sense. Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.), cert. denied, 493 U.S. 869 (1989).

## DISCUSSION

Barnabe claims that he received ineffective assistance of counsel when counsel failed to correct some of the factual statements in the presentence report ("PSR") which Barnabe claims are untrue. As one example, Barnabe notes that the PSR refers to the Indictment's allegation that all defendants conspired with each other from July 1996 until October 2003. Barnabe states that

Page 2 - OPINION AND ORDER

his relationship with his co-defendants began in July 1998 and ended in July 2000, a significantly shorter period. Barnabe also alleges that counsel failed to request a downward departure to mitigate against the collateral consequences of his deportable alien status, failed to subpoena an attorney who could provide possible exculpatory testimony, failed to arrange for minimal audio or video transmission of the foreign depositions so Barnabe could watch from the United States, and failed to protect Barnabe's Fifth Amendment rights concerning his lost opportunity to seek immunity from or to cooperate with the prosecution. For relief, he seeks a reduction in sentence and a reduction in the restitution amount of over $27 million.

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 688 (1984). The question is whether there is a reasonable probability that, absent the errors, the result of the proceeding would have been different. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998), cert. denied, 119 S. Ct. 1777 (1999). A reasonable probability is less than a preponderance of the evidence and is a probability sufficient to undermine confidence in the outcome. Kyles v. Whitley, 514 U.S. 419, 434-35 (1995); Strickland, 466 U.S. at 693, 695.

The government contends that there is no need for the court to analyze each of Barnabe's issues in detail because he got the benefit of the plea agreement for which he bargained. I agree.

Barnabe pleaded guilty under Federal Rules of Criminal Procedure 11(c)(1)(C) and entered into a plea agreement which called for a 72-month sentence. Rule 11(c)(1)(C) provides that this sentencing recommendation is binding on the court once the court accepts the plea agreement. The parties expected the advisory guidelines range to be 87 to 108 months, which is

Page 3 - OPINION AND ORDER

the range that the court adopted at sentencing. Barnabe does not ask to withdraw his guilty plea and does not contend that he entered into it involuntarily or unknowingly because of his counsel's failures.

I first note that counsel submitted a lengthy letter to the PSR writer which sought corrections and provided additional information. Many of the factual disputes Barnabe raises now were noted in his counsel's letter. Additionally, defense counsel submitted a sentencing memorandum to the court, along with numerous letters of support for Barnabe. In my opinion, counsel provided a vigorous defense.

Of most importance to resolving Barnabe's motion, however, is the fact that he received the sentence that he agreed to in his binding plea bargain. Thus, Barnabe cannot establish that any performance problem on his attorney's part caused him prejudice. For this reason, I deny his motion.

## CONCLUSION

There is no need for an evidentiary hearing because the record of the case conclusively shows that Barnabe is entitled to no relief. Barnabe's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#800) is denied.

IT IS SO ORDERED.

Dated this ____2nd____ day of December, 2008.

Garr M. King
United States District Judge