FILED
FEB 10 2009

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 01-321-KI |
| | ) | Civil Case No. 08-70023-KI |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| LAURENT E. BARNABE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Kent S. Robinson
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

    Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Robert Brian Hamilton
PMB #112
9220 SW Barbur Blvd, #119
Portland, Oregon  97219

      Attorney for Defendant

Laurent E Barnabe, #38693-048
California City Correctional Center
P. O. Box 3001-001
California City, California  93504

      Defendant

KING, Judge:

      Before the court are several post-judgment motions from defendant Laurent Barnabe, along with several letters from defendant. Defendant was seeking some of the materials associated with his prosecution. Because of the massive volume of the discovery in this case, as well as the fact that much of the discovery has personal and financial information about the victims and is subject to a protective order, I appointed an attorney to assist defendant.

      Defendant seeks a written order stating the parameters of his counsel's appointment. To clarify, counsel is to assist with the review and redaction of the documents from the former counsel's case file which then will be provided to defendant in response to his requests. I also asked counsel to confer with the prosecutor concerning the other pending motions. Counsel is not to assist defendant, however, with researching, drafting or filing any briefing concerning defendant's Section 2255 motion to vacate his sentence, or selecting particular documents to support defendant's argument. Defendant must describe the nature of the documents he seeks sufficiently so that counsel can locate what defendant seeks. Defendant's former counsel has

Page 2 - OPINION AND ORDER

also offered to help navigate the way through the documents and database. Concerning time limitations, I recently gave defendant leave to file a final brief supporting his Section 2255 motion. Defense counsel's appointment will end once defendant files that brief, or alternatively, once I refuse to grant a request to extend the filing deadline for it.

To the extent that defendant seeks an attorney to provide assistance beyond what I just described, as he states in the Request for Return of Documents to Defendant's Custody (#816), I deny the request.

Defendant also sought a copy of the transcript of his arraignment hearing. The government forwarded a copy to defendant. Because the government does not object, I will grant defendant's Motion for Release of Copy of Transcript of Arraignment Hearing (#818).

Defendant also sought the release of the grand jury minutes and other materials, including the prosecutors' and agents' notes and emails. After being appointed, defense counsel clarified that defendant sought a transcript of the instructions given to the grand jury with respect to the Second and Third Superceding Indictments.

Defendant pled guilty to an Information rather than to one of the Superceding Indictments. Moreover, I sentenced defendant to the Rule 11(c)(1)(C) sentence to which he agreed in his plea agreement. As part of the discovery in this case, the prosecutors turned over nearly all of the grand jury testimony of witnesses. Defendant has given no reason for seeking the additional grand jury material at this time. I see no relevance in the instructions defendant seeks when he did not plead guilty to an indictment. Grand jury material is typically kept secret with a few exceptions for disclosure. Federal Rule of Criminal Procedure 6(e). Defendant has

not given me any reasons to break the secrecy now. Thus, I deny his motion seeking grand jury materials.

Defendant also sought the return of documents in the possession of prior counsel. The difficulty with fulfilling this request is twofold–the documents are covered by a protective order and are stored on an electronic database. This is not a matter of redacting by hand a banker's box of paper documents. Additionally, because of the privacy concerns, I cannot give a copy of the entire database to defendant. He can only have documents which have been reviewed and redacted if necessary. Due to the volume of the discovery material, all documents cannot be reviewed, redacted, and provided to defendant. Defendant does have the right to access whatever is needed to continue with his post-judgment litigation, however. This is why I appointed new counsel to assist defendant with getting the documents he needs while protecting private information. Accordingly, I grant in part defendant's request to have his case file returned, under the guidelines I listed above concerning the scope of defense counsel's appointment.

In conclusion, defendant's Request for Return of Documents to Defendant's Custody (#816) is granted as discussed above. Defendant's Motion for Release of Copy of Transcript of Arraignment Hearing (#818) is granted. Defendant's Motion for Release of the Minutes Rendered by the Grand Jury (#819) is denied.

IT IS SO ORDERED.

Dated this ____10th____ day of February, 2009.

Garr M. King
United States District Judge

Page 4 - OPINION AND ORDER